1  THOMAS H. ZELLERBACH (SBN 154557)
   tzellerbach@orrick.com
2  SONIA E. VALDEZ (SBN 274168)
   svaldez@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE, LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
5  Telephone:    650-614-7400
   Facsimile:    650-614-7401
6
7  Attorneys for Plaintiffs
   GYM-MARK, INC. and THE GYMBOREE CORPORATION
8

9               UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11

12 | GYM-MARK, INC., and THE GYMBOREE | Case No.  CV 11-1773 SBA
   | CORPORATION,                    |
13 |                                 | **Modified**
   |         Plaintiffs,             | **STIPULATION AND ~~[PROPOSED]~~**
14 |                                 | **PROTECTIVE ORDER**
15 |    v.                           |
16 | CLAIRE'S STORES, INC.,          |
17 |         Defendant.              |

OHSWEST:261415780.1

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between Plaintiffs Gym-Mark, Inc. and The Gymboree Corporation and Defendant Claire's Stores, Inc. (each individually a "Party" and collectively the "Parties") that the terms and conditions of this Stipulated Protective Order ("Order") shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged, produced, or disclosed in this action that the disclosing party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY." The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal. The parties hereby submit the following stipulation and move the Court to approve the Stipulation as a Protective Order.

## STIPULATION

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purpose of providing procedures for the handling and protection of "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information as defined herein, the parties to this action hereby agree on the following procedures for handling such information:

1. Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document or portion of any document produced or prepared by it in this proceeding which the producing party deems to contain trade secrets, know-how, proprietary data, commercially sensitive or other confidential information, including

OHSWEST:261415780.1

without limitation technical, sales, marketing, underwriting, employee, business, financial, privacy, and other proprietary information ("Confidential Information"). This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, at or before production to the receiving party. This designation shall be made in good faith. A party shall not designate a document as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY unless it contains extremely sensitive information which the knowledge or use of would likely cause competitive injury. The Parties agree that any sales and pricing information that the Parties may produce and that pertain to the copyrighted works or to the allegedly infringing works at issue in this action will not be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2. In the event a party inadvertently produces Confidential Information without a designation, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

3. Any Confidential Information not reduced to documentary, electronic, tangible or physical form or that cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media.

4. Materials provided for inspection do not need to be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality or privilege, and all materials provided for inspection by a party's counsel

shall be treated as though designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of the inspection.

5. All documents produced or testimony given during the discovery phase of the above-captioned proceeding, whether pursuant to document requests, interrogatories, requests for admission, depositions, or otherwise ("Discovered Material"), shall be used by the receiving party only for the purpose of prosecution, defense or settlement of the above-captioned proceeding, regardless of whether such Discovered Material contains Confidential Information or has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY; no party or other person receiving any Discovered Material shall use it for any purpose other than the prosecution, defense or settlement of the above captioned proceeding. This paragraph shall apply retroactively from the date of entry of this Protective Order to all materials previously produced in anticipation of the negotiation of an appropriate protective order.

6. Confidential Information designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may only be disclosed by the receiving party to:

(a) outside counsel retained by the parties for purposes of prosecuting or defending this litigation, and their employees;

(b) in-house counsel of a party;

(c) any officer or employee of a party, to the extent disclosure to such officer or employee is deemed necessary by counsel for the prosecution or defense of this litigation

(d) experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial of this proceeding, who have been approved by the designating party and have signed an acknowledgment as set forth in paragraph below;

(e) non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, designing programs for handling data connected with this proceeding, including the performance of such duties in relation to a computerized litigation support system,

- 3 -

and graphics or design services used for preparation of demonstrative or other exhibits for deposition, trial or other court proceedings in this action, but only for purposes of performing such services in connection with this proceeding;

    (f)    the Court, Court personnel, and court reporters.

7. Confidential Information designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may only be disclosed by the receiving party to:

    (a)    outside counsel retained by the parties for purposes of prosecuting or defending this litigation, and their employees;

    (b)    two in-house counsel of each party;

    (c)    experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial of this proceeding, who have been approved by the designating party and have signed an acknowledgment as set forth in paragraph below

    (d)    non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this proceeding, including the performance of such duties in relation to a computerized litigation support system, and graphics or design services used for preparation of demonstrative or other exhibits for deposition, trial or other court proceedings in this action, but only for purposes of performing such services in connection with this proceeding; and

    (e)    the Court, Court personnel, and court reporters

8. In the event that outside counsel for either party believes it necessary to disclose specific documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY to a specific individual not otherwise authorized herein, it shall seek authorization from the designating party for such disclosure. Such authorization shall not be unreasonably withheld by the designating party, but the requested disclosure shall only be made upon the written stipulation of the parties or by order of the Court.

9. In no event shall any CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information be disclosed to any person identified in paragraphs 6(b), 6(c), 6(d), 6(e), 7(b), 7(c), 7(d) above, until such person has executed a written acknowledgement agreeing to be bound by the terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment").

10. If any party desires to give, show, disclose, make available or communicate CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information to any consultant or expert (who has been a consultant to, or employed by, in the prior three (3) years, a company/entity that sells competitive product or services to the other Party) pursuant to paragraphs of this Order, it must first identify in writing the consultants or experts to whom it intends to disclose such documents or information to the attorney for the other parties, who shall have three (3) business days from receipt of such notice to object in writing (email is acceptable) to disclosure to any of the consultants or experts so identified. Such identification shall include: (a) the full name and professional address and/or affiliation of the proposed consultant or expert and (b) and up-to-date curriculum vitae of the consultant or expert identifying at least all other present and prior employments or consultancies of the consultant or expert in the field. A party may object to disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information to a particular consultant or expert only if that party has a good faith basis to assert that such disclosure to that particular consultant or expert poses a risk of competitive injury. Disclosure pursuant to this Paragraph 10 shall not be a waiver of the work product or other doctrine nor entitle the non-disclosing party to initiate discovery related to the disclosed consultant/expert until and unless the disclosing Party designates that consultant/expert as a testifying expert. The parties shall attempt to resolve any objection informally within three (3) business days of the objecting party providing written objection. If an objection cannot be resolved within those three (3) business days, the party objecting to disclosure of the Confidential Information to the consultant or expert shall move the Court for an order precluding the disclosure or otherwise waive the objection. The burden shall be on the party objecting to show good cause for the objection. In the event objections are made and not resolved informally and

the objecting Party timely files a motion to preclude with the Court, disclosure of Confidential Information to the consultant or expert shall not be made except by order of this Court.

11. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless otherwise instructed not to do so on grounds of privilege, provided that the only persons in attendance at the deposition are persons who are qualified to receive confidential information pursuant to the terms of this Order. Counsel for the party claiming confidentiality may designate additional portions of the deposition testimony as Confidential Information, provided that: (a) counsel for the party identifies such testimony on the record at the deposition; or (b) within fifteen (15) business days after receipt of the deposition transcript, counsel for the party claiming confidentiality notifies counsel for other parties of the designation in writing. All transcripts of depositions shall be treated as Confidential Information until fifteen (15) business days after receipt thereof by counsel for the parties or counsel for the witness.

12. Nothing in this Order shall preclude (a) outside counsel for any party to the lawsuit from showing a document designated as Confidential Information to an individual who authored or prepared the document or received it prior to the filing of this action; or (b) a party from disclosing or using the party's own information or documents which the party itself has designated as Confidential Information. Such disclosure shall not waive the protection of this Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of this Order.

13. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection of this Order.

14. The parties to this Order and their counsel shall attempt to reach a stipulated agreement regarding the use at trial of any Confidential Information. If the parties are unable to so stipulate, they will submit the issue to the Court for decision.

15. Failure to oppose the designation of documents as Confidential Information shall not constitute an admission or concession by the non-designating party that the document or the

- 6 -

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. CV 11-1773 SBA

OHSWEST:261415780.1

information therein is confidential or is legally protectable intellectual or proprietary property or trade secrets.

16. Nothing in this Order shall prevent a party receiving a document designated Confidential Information from seeking a further order of this Court declaring that such a document shall not be subject to the provisions of this Order. Upon motion of any party to this action, and upon good cause shown, the Court may make any order that justice requires for the prevention and protection from oppression or undue burden or any unnecessary expense, due to unreasonable use of the right to designate documents as Confidential Information.

17. Nothing in this Order shall prevent a party from seeking any change or modification in this Order.

18. Within thirty days after a termination of this action whether by final adjudication, settlement, or exhaustion of appeals, any party who designated Confidential Information may request the destruction or return of all such designated documents, together with all copies of same, including extracts or summaries thereof or documents containing information taken therefrom, in the actual constructive custody or possession of any party. Notwithstanding the foregoing, counsel for any party receiving Confidential Information may retain an archival copy of such designated documents.

19. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence based on lack of timeliness, relevance, assertion of privilege, undue burden or any other lawful ground.

20. The execution of this Order shall not:constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential Information.

21. Any inadvertent production of documents containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines protecting against disclosure of confidential information or other third party private information. All parties specifically reserve the right to demand the return of any and all privileged documents that they may produce inadvertently during discovery if the

producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to immediately locate and return to the producing party all such inadvertently produced documents. Additionally, the receiving party agrees to identify all unqualified persons having received all such inadvertently produced documents.

22.  If timely corrected, an inadvertent failure to designate some qualified information as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as Confidential Information after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

23. If any dispute arises between the parties under this order that requires the filing of a motion, the parties shall abide by the procedures in the court's discovery dispute order [Docket No. 40.]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 16, 2011

THOMAS H. ZELLERBACH
SONIA E. VALDEZ

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Thomas H. Zellerbach_
      Thomas H. Zellerbach

Attorneys for Plaintiffs
GYM-MARK, INC. and
THE GYMBOREE CORPORATION

24. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

- 8 -

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
CASE NO. CV 11-1773 SBA

OHSWEST:261415780.1

| | |
|---|---|
| Dated: December 16, 2011 | JOHN S. LETCHINGER<br>CLINTON J. MCCORD<br>HELEN I. ODOM |
| | EDWARDS WILDMAN PALMER LLP |
| | By: */s/ John S. Letchinger*<br>        John S. Letchinger |
| | Attorneys for Defendant<br>CLAIRE'S STORES, INC. |

**IT IS SO ORDERED:**

Dated: __December 21_____, 2011

*IT IS SO ORDERED AS MODIFIED*
*[signature] Judge Donna M. Ryu*

~~The Honorable Saundra Brown Armstrong~~
~~United States District Court Judge~~
Donna M. Ryu
Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") dated _____, \_\_ 2011 in the case of *Gym-Mark, Inc., and The Gymboree Corporation v. Claire's Stores, Inc.*, United States District Court, Northern District of California, No. CV 11-01773 SBA. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
[printed name]

Signature:_____
[signature]